Bruno v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-155-CR

     MIGUEL GUTIERREZ BRUNO,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 12th District Court
Madison County, Texas
Trial Court # 8946
                                                                                                    

O P I N I O N
                                                                                                    

      Miguel Bruno appeals his conviction for possession of a controlled substance in a penal
institution.


 Bruno was found guilty by a jury, and, as a result of two prior convictions that
enhanced the range of punishment, the jury assessed punishment at thirty-five years in prison.
      Bruno was charged by indictment with "possess[ing] a controlled substance, to wit:
MARIJUANA, on the confines of property belonging to the Texas Department of Corrections." 
On the date of the offense, section 499.004(c) of the Texas Government Code provided, "A person
commits an offense if the person possesses a controlled substance or dangerous drug while in the
confines of property belonging to the department."


 A controlled substance means "a substance
. . . listed in Schedules I through V or Penalty Groups 1 through 4" of the Texas Controlled
Substances Act.


 Marihuana is listed as a controlled substance in Schedule I of the Act.


 Because
marihuana is not listed in Penalty Groups 1 through 4, however, the offense of possession of
marihuana is uniquely defined by the Controlled Substances Act.


 As a result, mere "possession"
of any amount of a controlled substance listed in Penalty Groups 1 through 4 constitutes an
offense, while possession of marihuana constitutes an offense under the Controlled Substances Act
only if a person "possesses a usable quantity of marihuana."



      In a single point of error Bruno contends that the trial court erred in failing to quash the
indictment, arguing that, because it failed to allege possession of "a usable quantity," he was
deprived of equal protection of the law under the federal and state constitutions. According to
Bruno, he was deprived of equal protection because, as a prisoner, he could be convicted of mere
possession of marihuana, whereas a member of the general public was subject to prosecution only
if he possessed a usable quantity of marihuana.
      Although Bruno filed a motion to quash the indictment and brought it to the attention of the
court before trial, he failed to raise the equal-protection argument. Bruno's form motion was a
general allegation of inadequate notice and that the indictment failed to allege all the essential
elements necessary to constitute an offense. At the pretrial hearing, Bruno's attorney informed
the court that the motion to quash "was based on the fact that only usable quantities of marijuana
are controlled substances and that is not alleged in the indictment." The prosecutor correctly
informed the court, however, that the Controlled Substances Act defined marihuana as a controlled
substance without any reference to quantity and that, because the State was proceeding under
section 409.004 of the Government Code, "a usable amount of marihuana" was not necessary. 
Indeed, the indictment alleged every element of the statutory offense—possession of a controlled
substance in a penal institution.
      Because Bruno's motion to quash did not raise the equal-protection challenge to prosecution
under section 409.004 of the Government Code, he has waived the right to complain on that basis
and may not raise the objection for the first time on appeal.


 Accordingly, Bruno's sole point of
error is overruled.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish